UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-464-RLM-MGG |
| PAYNE, et al., | |
| Defendants. | |

OPINION AND ORDER

Daveaun D. Carson, a prisoner without a lawyer, filed a civil rights complaint under 42 U.S.C. § 1983, containing unrelated claims. He sues seventeen different defendants at Miami Correctional Facility asserting a range of allegedly unconstitutional behavior. He alleges that he was wrongfully transferred to A Dorm simply because he asked for a grievance form. He details several potential constitutional violations after that transfer. For example, he complains about the conditions of confinement in A Dorm, resulting injuries, and denial of medical care. He alleges he was denied a prayer rug and religious materials. He alleges that he was tasered for no reason. He alleges that a sergeant retaliated against him for filing a grievance by telling other inmates he was a snitch and withholding a shower for a week. He alleges that he was assigned a cellmate from an opposing gang, officers ignored his fears for his safety, and the two men ended up fighting. Finally, he alleges that following the fight he was taken to RHU, placed in a dry cell with no toilet, and forced to defecate in a brown paper bag because the sergeant wouldn't let him out to

use a bathroom. These potential claims are not related simply because they all happened after Mr. Carson was transferred to A Dorm.

Plaintiffs may bring multiple unrelated claims against a single party, but unrelated claims against different defendants belong in different suits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . .."). Mr. Carson's claims fall into several unrelated categories against different defendants and involve unrelated circumstances.

When a plaintiff representing himself files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." Katz v. Gerardi, 552 F.3d 558, 563 (7th Cir. 2009); *see also* Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (holding that district court may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Therefore, Mr. Carson will be given an opportunity to file an amended complaint that includes only the related claims that he wants to pursue in this cause of action. At that point, the court will screen the complaint pursuant to 28 U.S.C. § 1915A to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief. If he does not amend his complaint, or if the amended complaint also asserts unrelated claims, the court on its own will pick which claim(s) will proceed in this case.

Mr. Carson needs to decide which related claims he wants to pursue in this case. Then he needs to get a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form from his prison law library and put this cause number on it. He needs to include in that complaint only the facts about one group of related claims. If he wants to pursue any other claims, he needs to use a different blank complaint form. If he files additional complaints, he should not put a cause number on the other complaint forms because they will be used to open new cases, in which he must file another in forma pauperis motion.

For these reasons, the court:

(1) GRANTS Daveaun Carson until **October 29, 2021**, to file an amended complaint that includes only related claims arising out of the same occurrence or series of occurrences; and

(2) CAUTIONS him that if he fails to respond by this deadline, or if the amended complaint persists in unrelated claims, the court will pick which claim(s) he's allowed to proceed with in this case and dismiss the rest of them.

SO ORDERED on September 27, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

3