UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRY BEANE and WARDEN WILLIAM HYATT,<br><br>    Defendants. | CAUSE NO. 3:21-CV-464-RLM-MGG |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, began this case on June 24, 2021, by filing a complaint against seventeen defendants. He didn't seek a preliminary injunction or mention that he was danger of attack by fellow inmates. After several months resolving filing fee issues, the court screened the complaint and determined it contained unrelated claims. Mr. Carson was told he needed to file an amended complaint with related claims.

On October 29, Mr. Carson filed an amended complaint dated the same day. This complaint named sixteen defendants, included unrelated claims, didn't include a request for a preliminary injunction, and made no mention of having been attacked nor of being in danger of attack by fellow inmates. On November 3, he filed an undated letter asking to add a defendant and claims explaining fellow inmates had attacked him on October 28, but he made no mention of needing protection from violence in the future. On November 4, Mr. Carson filed another amended complaint which was dated the same day, but only included the first and last pages of the

Prisoner Complaint form. At the top of the first page he wrote: "to add defendants to lawsuit corrected." ECF 16 at 1. This incomplete amended complaint made no mention of having been attacked nor needing protection from violence in the future. On November 8, Mr. Carson filed a Motion for Emergency Transfer Injunction which was dated the same day. In it, he recounts details of the October 28 attack and for the first time says he is in danger of being attacked again in the future.

Though the preliminary injunction motion is not styled as a complaint, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). That is to say, the motion could be construed as also being a complaint. That's the appropriate choice because this case hasn't yet been screened; because the amended complaint contains unrelated claims; because the incomplete amended complaint violates N.D. Ind. L.R. 15-1(b)(2) by trying to "incorporate another pleading by reference;" because the incomplete amended complaint doesn't itself state a claim upon which relief can be granted; and most importantly, because the preliminary injunction contains a new claim alleging Mr. Carson is in danger and needs protection from future attacks by fellow inmates. "When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward, and . . . wipes away prior pleadings . . .." Massey v. Helman, 196 F.3d 727 (7th Cir. 1999). Therefore, the preliminary

2

injunction motion/complaint is now the operative complaint and must be screened as required by 28 U.S.C. § 1915A.

Mr. Carson alleges Lt. Terry Beane smuggled phones into the prison. ECF 17 at 1. He alleges Lt. Beane told other offenders Mr. Carson was a snitch, was the reason he was discovered by internal affairs, and the reason a phone was found on October 27, 2021. Mr. Carson alleges five offenders came into his cell on October 28 and stabbed him fourteen times because Lt. Beane was unable to continue smuggling phones because he quit the day before he would have been arrested.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). To state a claim for failure to protect, a plaintiff must establish the defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[I]t's common knowledge that snitches face unique risks in prison . . . .." Dale v. Poston, 548 F.3d 563, 570 (7th Cir. 2008). Prison officials may be found liable where it can be proven they knew an inmate "faced a significant risk of harm from a 'particular vulnerability' and exposed him to that risk anyway." Wright v. Miller, 561 F. App'x 551, 555 (7th Cir. 2014) (quoting Brown v. Budz, 398 F.3d 904, 915 (7th Cir. 2005)). Such are these allegations. Lt. Beane is alleged to have labeled Mr. Carson a snitch in front of other inmates. Mr. Carson says he was stabbed fourteen times as a result. These allegations state a claim against Lt. Beane.

Mr. Carson also seeks a preliminary injunction to protect him from future attacks.

> I am not safe at MCF because of the label put on me by Terry Beane and also the fact I was stabbed 14 times. I am in the infirmary, the only place that I am safe for the time being. I really need a emergency transfer out of MCF for my safety and security. If I'm not and transferred to population, I will most certainly be stabbed again or killed when the organizations will be told to finish the job since I identified the offenders who stab me and I'm now in their write-ups.

ECF 17 at 2.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case," Illinois Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020), but "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the

4

plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Carson has plausibly alleged a threat to his future safety. He may proceed on an injunctive relief claim for the protection as required by the Eighth Amendment, which don't require a transfer. Warden Hyatt in his official capacity is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Mr. Carson gets adequate protection. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). For the same reason, he is also the proper defendant to respond to the request for a preliminary injunction.

For these reasons, the court:

(1) CONSTRUES the preliminary injunction motion (ECF 17) as also being a complaint;

(2) DIRECTS the clerk to separately docket the motion (ECF 17) as an amended complaint;

(3) GRANTS Daveaun Carson leave to proceed against Terry Beane in his individual capacity for compensatory and punitive damages for creating a substantial risk of harm by labeling him a snitch, leading to an attack on October 28, 2021, in violation of the Eighth Amendment;

(4) GRANTS Daveaun Carson leave to proceed against Warden William Hyatt in his official capacity for injunctive relief to obtain protection from other inmates as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES defendants Payne, Jameson, Grayson, Murphy, Martin, Burton, Bennett, Holt, Coldiron, Esly, Corey Braton, and Bradley;

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Terry Beane and Warden William Hyatt at the Indiana Department of Correction, with a copy of this order, and the motion for a preliminary injunction (ECF 17) which is also the operative amended complaint, pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to fax or email a copy of the same documents to Warden William Hyatt at the Miami Correctional Facility;

(9) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Terry Beane and Warden Hyatt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(11) ORDERS Warden William Hyatt to file and serve a response to the preliminary injunction motion (ECF 17), as soon as possible but not later than **December 7, 2021**, (with supporting documentation and declarations from other staff as necessary) explaining how Mr. Carson's safety is being protected as required by the Eighth Amendment.

SO ORDERED on November 17, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT