UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

    v.

TERRY BEANE and WARDEN
WILLIAM HYATT,

    Defendants.

CAUSE NO. 3:21-CV-464-RLM-MGG

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a motion asking for a preliminary injunction ordering he be transferred out the Miami Correctional Facility because he is in danger of being attacked again by fellow inmates. ECF 17. Warden William Hyatt was ordered to respond to the motion by December 7. ECF 19. He entered an appearance and waived service, but he didn't respond to the motion. *See* ECF 22, 23, and 24. The deadline to respond passed, the motion is now ripe for ruling.

Mr. Carson alleges five offenders entered his cell on October 28, 2021, and stabbed him fourteen times because they believe he disrupted a cell phone smuggling operation by providing information which caused a guard involved in the illegal activity to lose his job.

> I am not safe at MCF because of the label put on me by Terry Beane and also the fact I was stabbed 14 times. I am in the infirmary, the only place that I am safe for the time being. I really need a emergency transfer out of MCF for my safety and security. If I'm not and transferred to population, I will most certainly be stabbed again or killed when the organizations will be told to finish the job since I identified the offenders who stab me and I'm now in their write-ups.

ECF 17 at 2.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." Illinois Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id*. at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). Uncontradicted evidence indicates that Mr. Carson is at significant risk of being attacked again by inmates who believe he is responsible for preventing them from obtaining smuggled cell phones. Based on the unrebutted evidence before the court, Mr. Carson has demonstrated that he is likely to obtain a permanent injunction.

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the

defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). It's impossible to know whether Mr. Carson is still in danger or whether his attackers are satisfied by the injuries already inflicted, given the allegation that he was stabbed fourteen times because he caused a guard to lose his job for smuggling cell phones, it is reasonable to conclude he remains at risk of being attacked again. Such an attack could easily cause irreparable harm.

As to the third prong, the balance of equities tips in his favor because under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). Moreover, a narrowly tailored injunction will impose a minor burden on the prison as compared with the potential of serious injury or death if Mr. Carson is not protected from attack.

As to the fourth prong, an injunction is in the public interest because the warden didn't oppose the preliminary injunction motion and the public expects State officials to uphold their constitutional duty to protect inmates from known imminent threats of attack. Therefore, the court will grant the preliminary injunction motion. In selecting an appropriate remedy, the court recognizes

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point

>repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Carson asks to be transferred to a different prison. That is one possible remedy, but not the only one. The constitution requires he be protected from attack – not that he be moved to a different prison. Because the warden didn't respond to the motion, it is unclear what the warden believes would be the least intrusive remedy. Mr. Carson says he was safe in the infirmary when he filed the motion, so the court will order he remain in the infirmary until the court orders otherwise unless his medical condition requires that he be taken to an outside medical facility. If he's not in the infirmary when this order reaches the warden, he must be moved there immediately.

This isn't a long-term solution. The court doesn't believe Mr. Carson should remain in the infirmary at the Miami Correctional Facility until the completion of his sentence. However, until the warden explains what he believes is an appropriate remedy and the court orders otherwise, Mr. Carson must remain in the infirmary.

For these reasons, the court:

(1) GRANTS the preliminary injunction motion (ECF 17);

(2) ORDERS Warden William Hyatt in his official capacity to hold Daveaun Carson in the infirmary at the Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility;

4

(3) DIRECTS the clerk to fax or email a copy of this order to Warden William Hyatt at the Miami Correctional Facility and to the Commissioner of the Indiana Department of Correction at the Department's Central Office;

(4) ORDERS Warden William Hyatt in his official capacity (or the acting warden who receives this notice) to personally provide written confirmation of receipt of this order immediately upon receipt; and

(5) ORDERS Warden William Hyatt in his official capacity (or the acting warden at the time) to personally provide written confirmation within 24 hours of receipt of this order that Daveaun Carson is in the infirmary at the Miami Correctional Facility and will remain there until ordered by this court unless his medical condition requires that he be taken to an outside medical facility.

SO ORDERED on December 8, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT