UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

    v.                                                                          CAUSE NO. 3:21-CV-464-RLM-MGG

TERRY BEANE and WARDEN
WILLIAM HYATT,

    Defendants.

OPINION AND ORDER

Warden William Hyatt, by counsel, filed his personal, written notice of compliance with the order granting a preliminary injunction motion. ECF 27-1. That order required the warden to hold Daveaun Carson in the infirmary at the Miami Correctional Facility unless his medical condition required that he be taken to an outside medical facility. ECF 25 at 5. The order was granted because the warden didn't respond to the preliminary injunction motion which asserted Mr. Carson was at risk of attack by other inmates if he was returned to general population but safe in the infirmary.

Mr. Carson wasn't in the infirmary when the order reached the Warden. He had been discharged and was in a single man restricted housing cell. The warden declares he was safe in that location and asks to return Mr. Carson to restrictive housing because medical staff have determined he doesn't need to be in the infirmary for medical reasons and the limited bed space of the infirmary is needed for other

inmates who have medical needs. This request is consistent with the order granting the preliminary injunction which explained:

> This isn't a long-term solution. The court doesn't believe Mr. Carson should remain in the infirmary at the Miami Correctional Facility until the completion of his sentence. However, until the warden explains what he believes is an appropriate remedy and the court orders otherwise, Mr. Carson must remain in the infirmary.

ECF 25 at 4.

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

The warden has now responded and explained the least restrictive means of protecting Mr. Carson from attack by fellow inmates is to house him in a single man cell in the restrictive housing unit. The court will modify the order granting the preliminary injunction.

For these reasons, the court:

(1) GRANTS the motion (ECF 27) to the extent the preliminary injunction order (ECF 25) is amended to require Warden William Hyatt in his official capacity to house Daveaun Carson in a single man cell in the restrictive housing unit at the

Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility;

(2) DENIES the motion (ECF 27) in all other respects;

(3) ORDERS Warden William Hyatt in his official capacity to promptly notify the court if exigent circumstances require Daveaun Carson to be moved to another safe location at the Miami Correctional Facility where he is still separated from contact with other inmates; and

(4) DIRECTS the clerk to fax or email a copy of this order to Warden William Hyatt at the Miami Correctional Facility and to the Commissioner of the Indiana Department of Correction at the Department's Central Office.

SO ORDERED on December 14, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT