UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>TERRY BEANE and WARDEN<br>WILLIAM HYATT,<br><br>　　　　Defendants. | CAUSE NO. 3:21-CV-464-RLM-MGG |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed another preliminary injunction motion. He asks to be transferred to a different prison because he doesn't want to be held in the restrictive housing unit at the Miami Correctional Facility. He is in restrictive housing because the court amended the order granting his previous preliminary injunction motion seeking protection from other inmates after the warden notified the court restrictive housing was the least intrusive means of keeping Carson safe. ECF 30. Mr. Carson doesn't dispute he is safe from attack by other inmates. He only argues he doesn't want to be in restrictive housing because he can't access privileges he believes might be available at another prison.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Carson's new preliminary injunction motion as no

chance of success on the merits. The only permanent injunctive relief claim in this case is "to obtain protection from other inmates as required by the Eighth Amendment . . .." ECF 19 at 6.

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

<u>Westefer v. Neal</u>, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Mr. Carson is safe in restrictive housing. Because the warden says that it;s the least intrusive way to keep him safe, there is no chance Mr. Carson could obtain permanent injunctive relief ordering his transfer to another prison.

For these reasons, the court:

(1) DENIES the preliminary injunction motion (ECF 31);

(2) REMINDS Warden William Hyatt in his official capacity the order modifying the order granting the prior preliminary injunction (ECF 30) requires him to house Daveaun Carson in a single man cell in the restrictive housing unit at the Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility and to promptly notify the court if exigent circumstances require Daveaun Carson to be moved to another safe location at the Miami Correctional Facility where he is still separated from contact with other inmates; and

(3) DIRECTS the clerk to fax or email a copy of this order to Warden William Hyatt at the Miami Correctional Facility and to the Commissioner of the Indiana Department of Correction at the Department's Central Office.

SO ORDERED on January 10, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
