UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-464-RLM-MGG |
| TERRY BEANE and WARDEN WILLIAM HYATT, | |
| Defendants. | |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a third preliminary injunction motion in this case. Mr. Carson is being held in restrictive housing by order of this court because his first preliminary injunction motion seeking protection from other inmates was granted and the warden identified that location as the least intrusive means of keeping him safe. ECF 30. Mr. Carson wants to be transferred out of restrictive housing. His second preliminary injunction motion asked to be moved to a different prison. ECF 31. The court denied that motion because the PLRA requires injunctive relief in the prison context to be narrowly drawn and use the least intrusive means necessary. Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). ECF 32.

In this motion, Mr. Carson renews his request to be transferred to a different prison. The constitution requires Mr. Carson to be protected from attack by other inmates, it doesn't let him to decide where or how that is done. For the reasons previously explained, his request for a transfer must be denied.

Mr. Carson also asks to be moved to another cell at the Miami Correctional Facility. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Mr. Carson is proceeding in this case on one claim for injunctive relief: against Warden William Hyatt to get protection from other inmates. This third motion for a preliminary injunction does not assert he is unsafe in his current cell. Rather, Mr. Carson objects to the conditions of his confinement in the cell. This case isn't about the conditions of his restrictive housing cell, so there is no chance of success on the merits of a claim related the conditions of the cell.

For these reasons, the court:

(1) DENIES the third preliminary injunction motion (ECF 36);

(2) REMINDS Warden William Hyatt in his official capacity that he remains under court order (ECF 30) to house Daveaun Carson in a single man cell in the restrictive housing unit at the Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility and to promptly notify the court if exigent circumstances require Daveaun Carson to be moved to another safe location at the Miami Correctional Facility where he is still separated from contact with other inmates; and

(3) DIRECTS the clerk to fax or email a copy of this order to Warden William Hyatt at the Miami Correctional Facility and to the Commissioner of the Indiana Department of Correction at the Department's Central Office.

SO ORDERED on January 25, 2022

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT