UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

    v.                           CAUSE NO. 3:21-CV-464-RLM-MGG

TERRY BEANE and WARDEN
WILLIAM HYATT,

    Defendants.

OPINION AND ORDER

On November 8, 2021, Daveaun Carson, a prisoner without a lawyer, filed a preliminary injunction motion alleging five inmates had stabbed him fourteen times. ECF 17. He asserted after he returned from the hospital, he was then safe in the infirmary, but would be killed if he returned to general population. *Id*. Warden William Hyatt in his official capacity was ordered "to file and serve a response to the preliminary injunction motion (ECF 17), as soon as possible but not later than December 7, 2021, (with supporting documentation and declarations from other staff as necessary) explaining how Mr. Carson's safety is being protected as required by the Eighth Amendment." ECF 19 at 7. Warden Hyatt did not respond.

On December 8, 2021, the court granted the unopposed motion. ECF 25. The court ordered Warden William Hyatt in his official capacity "to hold Daveaun Carson in the infirmary at the Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility." *Id*. at 4.

The next day, Warden Hyatt moved to reconsider because Mr. Carson no longer required medical treatment in the infirmary and could be safely held alone in a restrictive housing cell. ECF 27. The court granted the motion and modified the preliminary injunction order to order Warden Hyatt "to house Daveaun Carson in a single man cell in the restrictive housing unit at the Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility [and] to promptly notify the court if exigent circumstances require Daveaun Carson to be moved to another safe location at the Miami Correctional Facility where he is still separated from contact with other inmates." ECF 30 at 2-3.

Mr. Carson filed a motion on January 6 asking to be transferred to a different prison. ECF 31. The court denied the motion and reminded Warden Hyatt that he was under court order "to house Daveaun Carson in a single man cell in the restrictive housing unit at the Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility and to promptly notify the court if exigent circumstances require Daveaun Carson to be moved to another safe location at the Miami Correctional Facility where he is still separated from contact with other inmates." ECF 32 at 2.

Mr. Carson filed another motion on January 20 asking to be transferred to a different prison. ECF 36. The court denied the motion and again remined Warden Hyatt "that he remains under court order (ECF 30) to house Daveaun Carson in a single man cell in the restrictive housing unit at the Miami Correctional Facility unless his medical condition requires he be taken to an outside medical facility and

to promptly notify the court if exigent circumstances require Daveaun Carson to be moved to another safe location at the Miami Correctional Facility where he is still separated from contact with other inmates." ECF 43 at 2.

In another case, Warden Hyatt was ordered to produce Mr. Carson for a hearing in April. ECF 52. On March 10, a prison official at the Miami Correctional facility telephoned the chambers of Magistrate Judge Michael G. Gotsch, Sr., and reported that Mr. Carson couldn't be produced because he had been transferred to the Pendleton Correctional Facility. This is disturbing. If the report is true, that transfer violates the preliminary injunction order of which Warden Hyatt was reminded twice. *See* ECF 30, 32, and 43.

This case began with Warden Hyatt not responding to the court's order to file a response to the preliminary injunction motion. Now it appears he has violated the preliminary injunction order. Warden Hyatt must explain where Mr. Carson is currently housed, what he is doing to comply with the preliminary injunction order, how he is protecting Mr. Carson from attack from other inmates, and why he is not in contempt of court. Counsel may file a brief in response to this order, but Warden Hyatt in his official capacity must respond with an affidavit or declaration under penalty of perjury.

For these reasons, Warden William Hyatt is ORDERED to respond as directed in this order. He is CAUTIONED if he does not respond by **March 15, 2022**, the court will set this case for an in person hearing to address these questions.

SO ORDERED on March 10, 2022

                                                                                         s/ Robert L. Miller, Jr.  
                                                                                         JUDGE  
                                                                                         UNITED STATES DISTRICT COURT