UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

                Plaintiff,

        v.                                      CAUSE NO. 3:21-CV-464-RLM-MGG

TERRY BEANE and WARDEN
WILLIAM HYATT,

                Defendants.

<u>OPINION AND ORDER</u>

Daveaun Carson, a prisoner without a lawyer, sues "Terry Beane in his individual capacity for compensatory and punitive damages for creating a substantial risk of harm by labeling him a snitch, leading to an attack on October 28, 2021, in violation of the Eighth Amendment," and "Warden William Hyatt in his official capacity for injunctive relief to obtain protection from other inmates as required by the Eighth Amendment[.]" ECF 19 at 6. The defendants filed a motion for summary judgment, arguing Mr. Carson didn't exhaust his administrative remedies before filing suit. ECF 45. Mr. Carson filed a response. ECF 65.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable.

<u>Woodford v. Ngo</u>, 548 U.S. 81, 102 (2006). "[A] remedy is not 'available' within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it." <u>Hurst v. Hantke</u>, 634 F.3d 409, 412 (7th Cir. 2011).

The defendants argue that Mr. Carson didn't exhaust his administrative remedies because he didn't complete all steps of the Offender Grievance Process until after he filed his second amended complaint on November 8, 2021. ECF 46 at 8-9. The defendants provide Mr. Carson's grievance records, which show the following (all dates are 2021):

**October 29**: Mr. Carson submits Grievance 134488, complaining of the assault the day before. ECF 47-1 at 7; ECF 47-4 at 15.

**November 4**: the grievance office responds to Grievance 134488, stating the matter had been resolved. ECF 47-1 at 7; ECF 47-4 at 19.

**November 9**: Mr. Carson appeals the grievance office's resolution of Grievance 134488. ECF 47-1 at 7; ECF 47-5 at 8.

**November 12**: the warden denies Mr. Carson's Level I appeal. ECF 47-5 at 8.

**November 23**: Mr. Carson submits a Level II appeal to the Department Grievance Manager. *Id.* at 9.

**November 29**: the Department Grievance Manager denies Mr. Carson's Level II appeal. *Id.* at 11.

This record shows Mr. Carson filed his second amended complaint on November 8 and didn't finish exhausting his administrative remedies until November 29, which is insufficient to demonstrate exhaustion under the PLRA. *See* <u>Perez v.</u>

<u>Wisconsin Dep't of Corr.</u>, 182 F.3d at 535 ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment"). In his response, Mr. Carson concedes he didn't fully exhaust Grievance 134488 before submitting his second amended complaint. Mr. Carson argues he couldn't wait to exhaust his administrative remedies because he feared for his safety. This court has no authority to grant Mr. Carson an exception to the PLRA's grievance requirement based on these circumstances. *See* <u>Ross v. Blake</u>, 578 U.S. 632, 639 (2016) (the statutory exhaustion requirement in the PLRA is mandatory, and the court lacks authority to excuse a prisoner from the exhaustion requirement to account for special circumstances); <u>Fletcher v. Menard Corr. Ctr.</u>, 623 F.3d 1171, 1175 (7th Cir. 2010) (imminent danger of serious physical injury and "the imminent-danger exception [of 28 U.S.C. § 1915(g)] does not excuse a prisoner from exhausting remedies tailored to imminent dangers"). The Offender Grievance Process provides a procedure to submit emergency grievances, and Mr. Carson provides no evidence he utlized this procedure. *See* ECF 47-2 at 2 (allowing for emergency grievances when subjecting the grievance to the normal time limits "could cause the grievant substantial risk of personal injury or irreparable harm").

Mr. Carson also argues that he filed three grievances against Lt. Beane in March 2021 which the grievance office mishandled and never responded to. These grievances were submitted before the incidents alleged in Mr. Carson's second amended complaint. Mr. Carson alleged in his second amended complaint that Lt.

Beane told other offenders that Mr. Carson was a snitch, was the reason he was discovered by internal affairs to be smuggling phones into the prison, and was the reason a phone was found on October 27, 2021, which led the inmates to assault Mr. Carson on October 28, 2021. Any grievances submitted in March 2021, before these incidents occurred, aren't material to this case.

Because the undisputed facts show Mr. Carson didn't exhaust his administrative remedies until after he filed his second amended complaint, summary judgment must be granted in favor of the defendants. The preliminary injunction previously issued in this case (ECF 25) must be dissolved.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 45);

(2) DISSOLVES the preliminary injunction (ECF 25);

(3) DIRECTS the clerk to fax or email a copy of this order to Warden William Hyatt at the Miami Correctional Facility and to the Commissioner of the Indiana Department of Correction at the Department's Central Office;

(4) ORDERS Warden William Hyatt in his official capacity (or the acting warden who receives this notice) to personally provide written confirmation of receipt of this order immediately upon receipt; and

(5) DIRECTS the clerk to enter judgment in favor of the defendants and against Daveaun Carson and to close this case.

SO ORDERED this 5th day of April, 2022.

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT