UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRY BEANE and WARDEN WILLIAM HYATT,<br><br>    Defendants. | CAUSE NO. 3:21-CV-464-RLM-MGG |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, files two motions to reconsider the court's order granting summary judgment in favor of the defendants. The court granted the defendants' summary judgment motion because the undisputed facts showed Mr. Carson didn't exhaust his administrative remedies before filing suit. The court found it was undisputed Mr. Carson didn't finish exhausting his grievance until several weeks after he filed his second amended complaint, which is insufficient to demonstrate exhaustion under the PLRA. The court also rejected Mr. Carson's argument he couldn't wait to exhaust his administrative remedies because he feared for his safety, concluding the court had no authority to grant an exception to the PLRA's grievance requirement based on these circumstances. The court noted as an aside that, in the case of an emergency, the Offender Grievance Process provides a procedure to submit emergency grievances. *Id.*

Mr. Carson argues in his first motion to reconsider that the Offender Grievance Process' emergency grievance procedure was unavailable to him because his prison

has no separate form for an emergency grievance. Even assuming the emergency grievance procedure was unavailable to Mr. Carson, the court still has no authority to grant him an exception to the PLRA's grievance requirement. *See* Ross v. Blake, 578 U.S. 632, 639 (2016) (the statutory exhaustion requirement in the PLRA is mandatory, and the court lacks authority to excuse a prisoner from the exhaustion requirement to account for special circumstances). Moreover, to the extent Mr. Carson argues his administrative remedies were unavailable because he was unable to utilize the emergency grievance procedure, he could have raised this argument in his response to the summary judgment motion. *See* King v. Ford Motor Co., 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"); Publishers Resource v. Walker–Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new arguments that could have been presented during the pendency of the previous motion). Mr. Carson also argues he was intimidated from submitting his grievance because Lt. Beane had retaliated against him and labeled him as a snitch before. The record belies this argument. Mr. Carson was able to submit his grievance the day after the incident and fully exhaust the grievance shortly after he filed his second amended complaint. Because it is undisputed Mr. Carson was able to fully exhaust his grievance, he can't show Lt. Beane's intimidation made the grievance process unavailable to him.

Mr. Carson argues in his second motion to reconsider that the grievance office made the grievance process unavailable to him because he tried to submit an emergency grievance but the grievance office mistakenly treated it as a normal grievance. Mr. Carson could have raised this argument in his response to the summary judgment motion. *See* King, 872 F.3d at 838–39; Publishers Resource, 762 F.2d at 561. Mr. Carson also reiterates his argument he couldn't wait to exhaust his administrative remedies because he feared for his safety, but "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments[.]" Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Lastly, Mr. Carson has sent the court a letter stating the warden hasn't complied with the order dissolving the preliminary injunction previously issued in this case, which required the warden to hold Mr. Carson in restrictive housing. The dissolution of the preliminary injunction only means the warden is no longer required to keep Mr. Carson in restrictive housing. It doesn't require the warden to release Mr. Carson from restrictive housing.

Mr. Carson hasn't raised any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants. For these reasons, the court DENIES Mr. Carson's motions to reconsider (ECF 71, 74).

SO ORDERED this 21st day of April 2022.

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT